

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL.

AUSTIN, TEXAS

January 24, 1939

Mr. Claude A. Williams
Assistant Secretary of State
Austin, Texas

Dear Mr. Williams:

Opinion No. O-186
Re: Will a vacancy exist as of
January 25, 1939, with respect
to the office of the Judge of
the Special District Court of
Gregg County, Texas

Your letter of January 20, 1939, in which you request an opinion from this Department upon the questions therein stated has been received. The pertinent portions of your letter are as follows:

"In 1935, the Legislature of Texas created a Special District Court of Gregg County, Texas, providing that said court should exist for a period of four years. The Act creating this court is codified in the Annotated Statutes under Article 199, section 8, and on page 361 of Volume One of Vernon's Annotated Statutes. This act creating the Special District Court of Gregg County, Texas, became effective on January 25, 1935. In accordance with the provisions of this act, the Governor appointed D. S. Meredith Judge of the Special District Court. Judge Meredith served under this appointment and became a candidate for the office of Special District Judge of Gregg County at the November General Election in 1936, at which time he was elected without opposition. On October 26, 1937, Section 8 of Article 199, was amended so as to provide that the Special District Court of Gregg County, Texas, should be extended until the 25th day of January, 1943, or in other words, it was extended for an additional four years. At the General Election in November of this year, Judge Meredith received eighty-seven "written" votes and has been certified by the County Judge as the duly elected Judge of the Special District Court.

"Thereafter, the Secretary of State's office received a certification from the County Judge of Gregg County, Texas, that Judge D. S. Meredith had been elected to the office of Judge of the Special District Court of Gregg County, Texas, and thereafter, on the 23rd day of November, 1938, Governor James V. Allred, Governor of the State of Texas, and Edward Clark, Secretary of State of the State of Texas,

issued a certificate of election. On January 1, 1939, Governor James V. Allred, Governor of the State of Texas, and Edward Clark, Secretary of State, issued a commission to D. S. Meredith as Judge of the Special District Court of Gregg County, Texas.

"The following questions present themselves and this office respectfully requests an opinion of your office with reference to them.

(1) Was it necessary that there be a candidate for this office in the elections of 1938?

(2) Will there be a vacancy in this office on January 25, 1939, unless the Governor appoints someone?

(3) Did Judge Meredith's election in 1936 elect him to a four year term of office, even though at that time the office to which he was elected had only two years to go but was extended one year after his election for a period of four years more?

(4) Did the "write-in" votes elect Judge Meredith to another term of office and if so, for how long a time?

(5) Does the commission issued by the Governor and Secretary of State void-and-of-no-force-and-effect? expire on January 25, 1939?
(6) Is the commission issued by the Governor and Secretary of State void and of no force and effect?

(7) Is the present Governor entitled to make an appointment to fill the office of Special District Judge of Gregg County, Texas, said appointee to serve until the next General Election?"

It is deemed advisable to quote in full Sections 8, 10 and 11 of the Act of the Legislature which created this Special District Court of Gregg County, Texas, and they are:

Section 8. "Said Special District Court of Gregg County, Texas, created by this Act, shall automatically cease to exist upon the expiration of four (4) years from the date upon which this Act becomes effective and all terms and provisions thereof shall, upon the expiration of four (4) years from the date this Act becomes effective, be and become of no further force and effect whatsoever."

Section 10. "The Governor of the State of Texas, immediately upon this Act's taking effect, shall appoint a suitable and qualified person as District Judge of said Special District Court for Gregg County, Texas, having the qualifications as provided by the Laws of the State of Texas, as District Judge, of said Special

District Court for Gregg County, Texas, who shall hold his office until his successor is duly elected, at the next general election after this Act becomes effective, and qualifies, and said Judge and his successors in office shall receive such salary as is now provided for District Judges under and by virtue of the General Laws of the State of Texas."

Section 11. "There is hereby conferred upon said Special District Court for Gregg County, Texas, and upon the Judge thereof, all of the rights, powers, privileges and duties that aregiven by law to the District Courts and the District Judges of this State, and all laws of the State of Texas with reference to the District Courts and District Judges shall be deemed equally applicable to said Special District Court for Gregg County, Texas, and the Judge thereof, except as herein specially excepted."

The Forty-fifth Legislature at its second called session on October 26, 1937, amended Section 8 of the Act so as to thereafter read as follows:

Section 8. "Said Special District Court of Gregg County, Texas, created by this act shall automatically cease to exist on the 25th day of January, 1943, and all terms and provisions thereof shall be and become of no further force and effect upon said date."

It is apparent that this court was not created and does not exist by any affirmative provision of the Constitution, defining it and specifying its jurisdiction, but that it was created by the Legislature in virtue of that provision of Article 5, Section 1, of the Constitution which reads:

"... the Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

The Legislature, therefore, except as otherwise restricted by the Constitution was given plenary power in the establishment of this court, and any amendment thereof. Tex. Jur. Vol. 11 p. 706, et seq.

The only appointive power conferred upon the Governor by the express provisions of this Act was to appoint a suitable and qualified person as Judge of said court, who should hold office until his successor should be elected at the next general election. In other words, the office of the Judge of this Court is an elective office. The only election provided by the act to elect a Judge of said court is the General Election. The first General Election after the creation of the court was the election held in November, 1936, at which Judge D. S. Meredith who had theretofore been appointed Judge of said court by the Governor of Texas, was elected without opposition. Had the life of the court so permitted, he by virtue

of that election and his qualification thereunder, would have held office for four years as provided by law in the case of Judges of Constitutional District Courts.

Inasmuch as the Special District Court of Gregg County by the express provisions of the act then in force, could not have existed beyond January 25, 1939, the election of November, 1936, did not have the effect to keep Judge Meredith in office beyond the date then provided for the expiration of the court.

The aforesaid amendment to section 8 of the original Act did not, of course, have the effect to create another court, nor did it add anything to the original Act, other than to provide another date when the court should cease to exist. All other provisions of the Act are continued in full force and effect. Another election, therefore, was necessary to be held for the purpose of electing a successor to Judge Meredith upon the expiration of his term, which will end January 25, 1939. The question then arises when should such election have been held? It is not believed that any other answer to that question can be given than to say that it was the general election held in November, 1938, which was the first election next preceding the date when Judge Meredith's present term would have expired, that is to say, January 25, 1939.

If no such election had been held in November, 1938, a vacancy by force of law would have been created January 25, 1939, and the appointive power of the Governor would then have been clearly in existence to appoint a successor to Judge Meredith. This he could not do unless there should have been a failure on the part of the duly qualified electors of Gregg County to exercise their right under the law to elect the successor to the incumbent Judge of this Court.

The only other question necessary to be considered is as to whether or not the election held in November, 1938, under the circumstances and in the manner as set forth in your letter was a void election insofar as the office of Judge of this Court is concerned, and that neither it nor the certificate of election nor the Commission of the Governor should have any force or effect.

It necessarily appears from your statement that no political party nominated a candidate for this office to be voted upon at the General Election of 1938 and it is, therefore, to be inferred that the primary election officers did not consider any such office was to be filled at said General Election. This mistake on the part of the election officers did not destroy the right of the qualified voters to elect a Judge of this court at that election, for it is not intended that citizens shall be disfranchised by failure of election officers to perform their duties. Altgelt vs. Callahan, 144 S. W. (C. A.) 1166 (Writ of Error dismissed). Tex. Jur. Vol. 16 pp.106-7.

It has been variously held and properly so in the opinion of this Department, that when no person's name appears on the ballot to be voted for to any particular office in the General Election, the voters at said election have the right to "write-in" the name of the person they desire to elect to such office, and if such person is qualified to hold the office and receives a majority of the votes cast in said election, it is a valid election and such person will have been duly and legally elected to such office. Moore, et al vs. Plott, 206 S. W. 958 Tex. Jur. Vol. 16 p. 110, Section 92.

Mr. Claude A. Williams, January 24, 1939, Page 5

It is well stated by Judge Grady who wrote the opinion in the Flett Case that, "While suffrage is not a natural or inalienable right, yet it is a privilege conferred by the Constitution and is not to be taken away except by clear command of law."

See, also, Dunagan v. Jones 76 S. W. (2) 219.

The answer to your first question, therefore, is that it was necessary that there be a candidate for this office in the General Election in 1938 in the sense that was the proper time to elect the successor to Judge Meredith, the incumbent. To your second question the answer is, there is no vacancy in this office as of January 25, 1939. To your third question the answer is that Judge Meredith's election of 1936 was not for a term exceeding the life of the court as it existed at the time of said election. The answer to your fourth question is that the "write-in" votes did elect Judge Meredith to another term of office and for a full 4 year term, that is to January 25, 1943. To your fifth question, the answer is that the commission issued by the Governor and Secretary of State will not expire on January 25, 1939. To your sixth question the answer is that the Commission of the Governor and Secretary of State is not void but is in full force and effect, and to your seventh question the answer is that the present Governor is not entitled to make an appointment to fill the office of Special District Judge of Gregg County, Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ W. F. Moore
W. F. Moore
First Assistant

WFM:MT:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS